**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 22-cr-00266-NYW

PEOPLE OF THE STATE OF COLORADO,

     Plaintiff,

v.

JUSTIN J. MOLL,

     Defendant.

---

**BRIEF REGARDING COURT'S AUTHORITY TO
GRANT REMOVAL OR DISMISSAL OF A CRIMINAL ACTION
WITHOUT AN EVIDENTIARY HEARING OR FOR LACK OF PROSECUTION**

---

     This action concerns the State's prosecution of United States Postal Inspector Justin Moll for alleged reckless driving while Inspector Moll was performing his federal duties. On October 4, 2022, the Court entered an Order to Show Cause after the People of the State of Colorado failed to appear at an evidentiary hearing that had been set on the question of removal of this action from state court. ECF No. 17. The Order requires the State to appear and explain why this case should not be removed without an evidentiary hearing and dismissed. ECF No. 17 at 3-4. The Order further requires Inspector Moll to file a brief "addressing the authority of this Court to grant removal and/or dismissal of a removal criminal action without an evidentiary hearing and/or for lack of prosecution." *Id.* at 4.

     The Court has authority to remove this case without an evidentiary hearing because the State had an opportunity to contest removal but chose not to appear. Furthermore, the State's

response to the Order to Show Cause does not identify any actual disputes of relevant fact for resolution at an evidentiary hearing.

The Court does not presently have authority to dismiss this action for failure to prosecute because Inspector Moll has not yet entered a plea. But the Court does have inherent authority to manage its docket and enforce compliance with its orders. Once a criminal case has been removed and a motion to dismiss has been filed on the basis of Supremacy Clause immunity, it is the State's burden to come forward with evidence raising a genuine issue of fact as to the availability of the Supremacy Clause immunity defense. If the State does not appear and present such evidence, this Court will have the authority to dismiss this action, and dismissal would be appropriate.

## BACKGROUND

This case arises out of a state criminal charge against a federal law enforcement officer based on conduct in furtherance of his federal duties. While U.S. Postal Inspector Moll was responding to the scene of a reported arson of a United States Post Office, he was pulled over by a Colorado State Patrol Trooper. Consistent with U.S. Postal Inspection Service policy, Inspector Moll had been using his lights and sirens to navigate traffic on his way to the scene of the fire. After ascertaining that Inspector Moll was a federal officer, the Trooper let him go without issuing a ticket or citation. *See* ECF No. 1 at ¶¶ 8-15.

But in November 2021—four months after Inspector Moll was pulled over—the Sheriff of Park County charged Inspector Moll with reckless driving. The United States Attorney's Office, after being authorized by the Department of Justice to represent Inspector Moll because he is being prosecuted for his actions within the scope of his duty as a federal officer, filed a notice to remove the State's prosecution to federal court. ECF No. 1.

The District Attorney representing the State had actual notice of the notice of removal and filed an objection to it in state court. *See* ECF No. 4-1. Since the filing of the notice of removal in June, counsel for Inspector Moll has attempted to confer with counsel for the State approximately twenty times in an attempt to move the federal proceedings forward, to no avail.

Nevertheless, the State has repeatedly failed to comply with this Court's orders. The District Attorney failed to appear for a status conference before Judge Neureiter. This Court then examined the notice of removal, determined that summary remand to state court was not warranted, and set an evidentiary hearing on the question of removal for October 4, 2022. The District Attorney was on actual notice of the hearing, and was ordered to appear for it on at least three occasions. *See* ECF No. 17 at 3. The District Attorney failed to appear at the evidentiary hearing. But later the same day, the same District Attorney appeared at a status conference in state court and asked the state-court judge to rule on removal instead. The state-court judge declined.

After the State failed to appear in federal court, this Court ordered the State to respond and show cause no later than October 11, 2022, "why this Court should not grant removal of this action under 28 U.S.C. § 1442(a)(1) absent an evidentiary hearing and why this Court should not dismiss this action, after removal, for failure to prosecute and failure to appear." ECF No. 17 at 3. The Court also directed Inspector Moll to file a brief on or before October 18, 2022, "addressing the authority of this Court to grant removal and/or dismissal of a removal criminal action without an evidentiary hearing and/or for lack of prosecution." *Id.*

Inspector Moll submits this brief to address the Court's questions on its authority.

**ARGUMENT**

The Court may remove a state-court prosecution without an evidentiary hearing where, as here, the State had an opportunity to contest removal but chose not to participate in the federal proceedings. Once the case is removed, the Court could grant dismissal based on Supremacy Clause immunity if the State fails to carry its burden of coming forward with evidence to negate the federal defense. And while the Court does not presently have the authority to dismiss for failure to prosecute, it may enter appropriate orders to manage its docket and enforce compliance with its orders.

## I.   The Court may remove this case without an evidentiary hearing.

The Court may forgo an evidentiary hearing on removal because the State has given up the opportunity it had to contest removal. Nor has the State in its response to the Order to Show Cause raised any factual issue for which an evidentiary hearing might be necessary. And it would be inconsistent with the purpose of federal officer removal statute to allow the State to block Inspector Moll's access to a federal forum by failing to participate in federal proceedings in good faith.

### A.   The Court must give the State an opportunity to contest removal, and it has.

This case is unusual. Inspector Moll has not found any similar cases in which a state prosecutor has repeatedly failed to appear in federal court. But notwithstanding this dearth of direct authority, Tenth Circuit precedent and the purpose behind the federal-officer removal statute support the position that this Court may remove a state-court prosecution without an evidentiary hearing where the state had an opportunity to contest removal but chose not to participate in the federal proceedings.

The Tenth Circuit has ruled that an evidentiary hearing is not a jurisdictional requirement for removal. *Wyoming v. Livingston*, 443 F.3d 1211, 1225 n.8 (10th Cir. 2006) ("Wyoming does not argue that the evidentiary hearing requirement of § 1446(c)(5) is jurisdictional, and it is not. It is well settled that parties may stipulate to a waiver of the evidentiary hearing, which would not be permitted if holding the hearing were a jurisdictional requirement.").[1]

In *Livingston*, the Tenth Circuit indicated that if there is a dispute as to the facts relevant to the removal analysis, an evidentiary hearing may be required to give the state an opportunity to contest the factual basis for removal. In that case, the district court had granted removal without holding an evidentiary hearing. The Tenth Circuit observed that "comity demands that federal courts dot their i's and cross their t's before taking the serious step of removing a state criminal prosecution to federal court." *Id.* The court concluded that it "violated the technical requirement" of the removal statute to order removal "without giving [the State] an opportunity to contest the factual basis for removal." *Id.* at 1225. But the Tenth Circuit determined that any error was harmless because no material facts relevant to the removal analysis were actually in dispute. *Id.*

Here, unlike the district court in *Livingston*, this Court *did* give the State an opportunity to contest the factual basis for removal. The State had actual notice of this federal proceeding since June 2022. It had actual notice of the October 4, 2022, evidentiary hearing for weeks. The Court ordered the State to appear in person at the hearing three times. Counsel for Inspector Moll similarly attempted to confer with counsel for the State about these federal proceedings, including specifically to prepare for the evidentiary hearing, approximately twenty times.

---

[1] The relevant statutory provisions for removal of criminal matters at the time of *Livingston* were part of 28 U.S.C. § 1446(c). Those provisions are now codified at 28 U.SC. § 1455.

Despite the fact that the State had a full and fair opportunity to contest the factual basis for removal at an evidentiary hearing, the State gave up that opportunity by choosing not to appear for the hearing. The State cannot rely on unfamiliarity with this Court's rules and procedures. *See* ECF No. 17 at 3 (explaining that unfamiliarity with the Court's rules is not good cause for failing to appear). Given its repeated, extended notice of the hearing, the State cannot reasonably claim surprise or that the press of business precluded the District Attorney's Office from appearing at the hearing. By choosing not to appear for the evidentiary hearing, the State has given up its opportunity for an evidentiary hearing to contest removal.

**B.  The State has raised no issue of fact for which a hearing might be necessary.**

Furthermore, the State's response to the order to show cause demonstrates that there are no material facts relevant to removal that are actually in dispute.

Removal here is appropriate so long as the "federal officer . . . is being prosecuted for the manner in which he carried out his federal duties" and "there exists a colorable federal defense for the act." *See Livingston*, 443 F.3d at 1225. In construing the colorable federal defense requirement, the Supreme Court has "rejected a 'narrow, grudging interpretation' of the statute, recognizing that 'one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.'" *Jefferson Cnty., Alabama v. Acker*, 527 U.S. 423, 431 (1999) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). The Supreme Court explained: "We therefore do not require the officer to virtually 'win his case before he can have it removed.'" *Id.*

Based on the facts set forth in the notice of removal, Inspector Moll has asserted a colorable federal defense of Supremacy Clause immunity. He has asserted facts to show that he was acting under color of his federal office and at the direction of his supervisor when he responded to the

report of arson at the Moffat Post Office, and to show that he had an objectively reasonable and well-founded basis for running with lights and sirens to get to the scene of the arson expeditiously.

The State has not identified facts showing that this factual basis is not sufficient to support at least a colorable federal defense. Nowhere does the State dispute that Inspector Moll is a federal officer, or that he is being prosecuted for actions he took in his official capacity under instructions of his supervisor to assist with an arson investigation. The State has not identified any evidence that he was on any sort of frolic or detour or had any reason for traveling to Moffat that day other than to carry out his federal duties.

The State appears to argue that in hindsight this fire was not enough of an emergency to justify Inspector Moll using lights and sirens to respond to the scene. ECF No. 21 at 7 ("What is the emergency?"). But the State is asking the wrong question, because it does not ask what Inspector Moll knew at the time. "Supremacy Clause immunity cases require courts to evaluate the circumstances as they appear to federal officers at the time of the act in question, rather than the more subtle and detailed facts later presented to a court." *Livingston*, 443 U.S. at 1229. At the time he was driving to Moffat, Inspector Moll knew that a fire had been set and that the suspect was still at large. Inspector Moll had tried to contact the Moffat post office, but no one answered. He reasonably believed that he needed to get there expeditiously to secure the scene and investigate. The State does not contest any of this.

The State also suggests that, in its view, Inspector Moll used "bad judgment." See ECF No. 21 at 8 (arguing that "the removal statute does not substitute for bad judgment and is not to be used as the defendant's 'get out of jail free card.'"). But even assuming Inspector Moll exercised "bad judgment" (he did not), an officer's "mistake in judgment" or a "botched operation" does not of

itself deprive a federal agent of asserting Supremacy Clause immunity to state court prosecution. *Kentucky v. Long*, 837 F.2d 727, 745 (6th Cir. 1988); *cf. State of Md. v. DeShields*, 829 F.2d 1121, at *7 (4th Cir. Sept. 25, 1987) (unpublished table decision) (granting Supremacy Clause immunity in state prosecution for manslaughter, reckless driving, and driving under the influence against U.S. Army Reserve solder involved in fatal car crash while on active duty because the evidence before the district court established that "any error made by him in the operation of the vehicle was an error of judgment, which error does not deprive him of protection by the Supremacy Clause"). To prevail on Supremacy Clause immunity, a federal officer "need not show that his actions were in fact necessary or in retrospect justifiable, but only that he reasonably thought them to be so." *Connecticut v. Marra*, 528 F. Supp. 381, 387 (D. Conn. 1981).

The State's other attempts to cast doubt on Inspector Moll's defense fail to show that Inspector Moll lacks a colorable basis for asserting the defense of Supremacy Clause immunity. The State argues that the notice of removal is missing a "report from a truck driver who stated he was nearly hit head on by" Inspector Moll. ECF No. 21. The State is wrong. The notice does reference the report. ECF No. 1 at 5-6. The State also contends that there were "repeated calls into dispatch about th[e] driver" who turned out to be Inspector Moll. ECF No. 21 at 7. But the discovery file the State has provided Inspector Moll contains only the truck driver's report, and the State has not identified any evidence of other reports that it would present.[2] Indeed, while the State claimed in its opposition to removal filed in state court that "[t]he Defendant was pulled over

---

[2] Because of the State's representations here and elsewhere about multiple reckless driving reports, Inspector Moll has repeatedly asked the State to provide the statements and identity of all reporting witnesses, or confirmation that the truck driver is the only reporting witness, consistent with the State's constitutional obligations. The State has not done so, or identified any supporting evidence to either this Court or the Park County Court.

by the Colorado State Patrol and cited," ECF No. 4-1 at 2, it now concedes that "[t]he trooper didn't" actually "observe any traffic violations." ECF No. 21 at 7.

The State is also incorrect to rely on *Colorado* v. *Symes*, 286 U.S. 510 (1932) as a basis for arguing that the notice of removal is "insufficient on its face." *Symes* applied a now-antiquated procedure that required a verified petition. *Id.* at 517 n.1, 518. Now (and ever since it was amended in 1988), however, the federal removal statute requires only that a notice of removal be in the form of a "short and plain statement of the grounds for removal" that is "signed pursuant to Rule 11," with an evidentiary hearing to follow. 28 U.S.C. § 1455(a), (b)(5); *see also* Pub. L. 100-702, 102 Stat. 4642, 4669 (Nov. 19, 1988). A verified petition and the level of detail on the face of the petition that was required at the time *Symes* was decided in 1932 is no longer required today.

### C. It would be inconsistent with the purposes of federal officer removal to allow the State to impede Inspector Moll's access to a federal forum by failing to appear.

The purposes of the federal-officer removal statute confirm that removal without a hearing is permissible when the state fails to appear.

The right of removal conferred by 28 U.S.C. § 1442(a)(1) provides a federal forum to United States officers whose conduct under color of federal law results in criminal prosecution under state law. *City of Aurora v. Erwin*, 706 F.2d 295, 296 (10th Cir. 1983). The Supreme Court in *The Mayor v. Cooper*, 73 U.S. (6 Wall) 247 (1867), explained that removal to federal court is necessary for federal officials:

> For every act of an officer, civil or military, of the United States, including alike the highest and the lowest, done under their authority, he would be liable to harassing litigation in the State courts. However regular his conduct, neither the Constitution nor laws of the United States could avail him, if the views of those tribunals and of the juries which sit in them, should be adverse. The authority which he had served and obeyed would be impotent to protect him. Such a government would be one of pitiable

> weakness, and would wholly fail to meet the ends which the framers of the
> Constitution had in view.

*The Mayor*, 73 U.S. at 253.

It would contravene these purposes to permit a state to indefinitely block a federal officer's access to a federal forum—while the state court prosecution proceeds, as it does until removal—by declining to appear in federal court for an evidentiary hearing. Letting a state prevent or delay removal by refusing to appear would allow the state to exercise a de facto veto over Congress' decision to give federal officers a federal forum in which to defend themselves. The Court may remove this action without further proceedings.

## II.   The Court has the authority to dismiss a state prosecution against a federal officer on Supremacy Clause immunity if the state fails to present evidence.

After removal, and upon a proper motion, the Court may dismiss this case if the State fails to come forward with evidence sufficient to raise a genuine issue of fact concerning the defendant's entitlement to Supremacy Clause immunity. In *Livingston,* the Tenth Circuit described the burden-shifting framework for evaluating Supremacy Clause immunity: "Once a defendant raises the defense of Supremacy Clause immunity the burden shifts to the state to supply sufficient evidence to raise a '*genuine* factual issue' that is supported by more than mere allegations." *Livingston*, 443 F.3d at 1226 (quoting *Long*, 837 F.2d at 752) (emphasis in original).

While Inspector Moll has raised Supremacy Clause immunity in his notice of removal, he has not yet had the opportunity to file a motion to dismiss because the Court's antecedent determination of removal is still pending. For the reasons set forth above, however, the Court could grant removal based on the record before it, and direct the parties to brief Inspector Moll's motion to dismiss.

**III.** **The Court does not have the authority to dismiss the State's action for lack of prosecution at this time, but does have inherent authority to fashion other remedies.**

In its October 4, 2022, Order to Show Cause, the Court also directed counsel for Inspector Moll to address the Court's authority to grant dismissal for lack of prosecution.

While the Court has authority under Rule 48 of the Federal Rules of Criminal Procedure to dismiss a case when "unnecessary delay occurs in. . . bringing a defendant to trial," the Tenth Circuit has interpreted this rule as "applicable only to post-arrest situations." *United States v. Primrose*, 718 F.2d 1484, 1488 (10th Cir. 1983). Inspector Moll was never arrested in this case.[3]

But even if the Court does not have authority to dismiss for lack of prosecution at this time, it does have the inherent authority to manage its docket and enforce compliance with its orders. *See, e.g.*, *Chambers v. NASCO*, 501 U.S. 32, 44 (1991) (explaining that "it is firmly established that '[t]he power to punish for contempts is inherent in all courts.'") (citation omitted). This inherent authority may not be invoked to dismiss the criminal action at this time, *see Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988), but it can be used to fashion other remedies.

The State's failure to appear for the evidentiary hearing was the culmination of a months-long pattern of noncompliance with this Court's orders that impeded the federal judicial process. *Cf. Callahan* v. *Commc'ns Graphics, Inc.*, 657 F. App'x 739, 744 (10th Cir. July 21, 2016)

---

[3] Nor is there any issue under the Speedy Trial Act at this time, because Inspector Moll is yet to be arraigned or otherwise enter a plea. *See* 18 U.S.C. § 3161(c)(1) (starting trial clock "[i]n any case in which a plea of not guilty is entered" at the date the charges became public or date defendant "has appeared before a judicial officer of the court in which such charge is pending," whichever is later); *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011) ("The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, provides that in 'any case in which a plea of not guilty is entered, the trial ... shall commence within seventy days' from the later of (1) the 'filing date' of the information or indictment or (2) the defendant's initial appearance before a judicial officer (i.e., the arraignment).").

(unpublished) (dismissing civil action for failure to appear at pretrial conference where "failure to appear continued a pattern of action that impeded the judicial process."). The State failed to appear for the status conference set by Judge Neureiter in August, has persistently refused to meet and confer with Inspector Moll's counsel despite nearly two dozen attempts, and has provided no valid excuse for failing to comply with the Court's orders. At the same time, the State has tried to convince the Park County Court that it can and should deprive this Court of jurisdiction. *See, e.g.*, ECF No. 4-1.

In these circumstances, the Court has the ability to enter non-dispositive orders that take into account the State's failures to comply with the Court's orders or participate in this case, to ensure compliance with the Court's future orders, and to guard against any prejudice that might come from the State's failure to follow them. Here, should the Court elect to proceed with an evidentiary hearing on removal despite the State's decision to give up its right to one, the Court could, for example, warn the State that any further failure to timely comply with an order of the Court (or seek a timely extension by appropriate motion) will be construed as a waiver of its opportunity to contest removal and will result in removal under 28 U.S.C. §§ 1442(a).

## CONCLUSION

For the reasons set forth above, the Court may permissibly enter an order removing this action without an evidentiary hearing, because Defendant Moll has asserted a basis for a colorable federal defense, the State did not take the opportunity it had to contest removal, and has still not identified for the Court a reason to conclude that removal is inappropriate. If removal is granted, the Court may not now dismiss the case for lack of prosecution, but may enter orders sufficient to

ensure that the State continue its pattern of not taking seriously and complying with the Court's orders.

Dated: October 18, 2022.                    Respectfully submitted,

                                            COLE FINEGAN
                                            United States Attorney


                                            *s/ V. William Scarpato III*
                                            V. William Scarpato III
                                            Jasand Mock
                                            United States Attorney's Office
                                            1801 California Street, Suite 1600
                                            Denver, Colorado 80202
                                            Telephone: (303) 454-0100
                                            Fax: (303) 454-0407
                                            Victor.Scarpato@usdoj.gov

                                            Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

District Attorney Linda Stanley
11th Judicial District
Park County
P.O. Box 1206
Fairplay, CO 80440
lstanley@da11thjd.org

and I hereby certify that on the same date I am causing the foregoing to be delivered to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

None.

*s/ V. William Scarpato III*
V. William Scarpato III